(66 Misc. Rep. 141.)

### BARNETT v. LEWINSKY.

(Supreme Court, Appellate Term. February 24, 1910.)

1. EXECUTION (§ 384*)—SUPPLEMENTARY PROCEEDINGS—ARREST—WARRANT—RECITAL OF FACTS.

Code Civ. Proc. § 2435, provides for an order for examination of a judgment debtor after return of execution, and section 2436 before return of execution. Section 2437 authorizes a warrant of arrest upon proof entitling a judgment creditor to an order under either of the last two sections, and also by affidavit that the judgment debtor will leave the state

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or conceal himself, and that there is a reason to believe that he has property which he unjustly refuses to apply to the judgment, and that a warrant may issue "reciting the facts" and requiring the sheriff to arrest him, etc. Section 2458 provides that the judgment must have been rendered upon the judgment debtor's appearance and execution issued to the sheriff, etc. *Held*, that the warrant must contain a recital of the facts, conferring jurisdiction upon the court to entertain proceedings, as required by section 2458.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1122; Dec. Dig. § 384.*]

**2.** Execution (§ 384*)—Supplementary Proceedings—Purpose of Arrest—Warrant—Defects.

A man arrested should be informed why he is taken into custody, and not merely referred to a section of the Code of Civil Procedure; hence a warrant, issued under section 2437, directing the sheriff to "bring him forthwith before the court," was defective in not stating that it was for the purpose of examination about his property.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1122; Dec. Dig. § 384.*]

**3.** Execution (§ 384*) — Supplementary Proceedings — Arrest—Warrant—Clearness—Defect.

The language of a warrant of arrest should be clear; hence a warrant, issued under section 2437, directing the sheriff to "hold him in bail in the sum of $500, to be given by one or more sureties, before his release according to section 2440 of the Code of Civil Procedure," was defective, since, if for any reason the judgment debtor could not practically be brought before one of the judges within a few hours, he should have been released on bail, and the security provided by section 2440 is not to be given until after "his examination or other proof," and, if possible, he should have been brought directly before a judge and examined, to see whether that security was to be required of him.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1122; Dec. Dig. § 384.*]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Harry Barnett against Julius Lewinsky. From an order of the City Court of New York denying a motion to vacate a warrant of arrest, the defendant appeals. Order reversed, warrant of arrest vacated, and defendant discharged.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Charles Eno, for appellant.
Nathaniel N. Holzer, for respondent.

PER CURIAM. Section 2437 of the Code authorizes a warrant of arrest—

"upon proof entitling a judgment creditor to an order under either of the last two sections, and also proof by affidavit to the satisfaction of the judge that there is danger that the judgment debtor will leave the state or conceal himself, and that there is reason to believe that he has property, which he unjustly refuses to apply to the payment of the judgment."

The two sections of the Code here referred to relate to an order for examination of a judgment debtor before return of execution

(section 2436) and after return of execution (section 2435). The section further provides that:

"The judge may, instead of making an order, issue a warrant under his hand, reciting the facts, and requiring the sheriff of any county, where the judgment debtor may be found, to arrest him, and bring him before the same judge, or before another judge, if the case is one where the warrant must be returnable to another judge."

From this it appears that the warrant of arrest must contain, among other things, a recital of the facts conferring jurisdiction upon the court to entertain the proceedings, namely, the facts sufficient to bring the proceedings within the requirements of section 2458 of the Code.

The warrant of arrest is peculiar in another respect. It requires that the judgment debtor shall be arrested and brought "forthwith before the court." It fails, however, to specify for what purpose he is to be brought. A man arrested should be informed why he is taken into custody, and not merely referred to a section of the Code of Civil Procedure. The warrant, in directing the sheriff "to bring him forthwith before the court or judge thereof," should state that it is for the purpose of examination about his property.

The warrant further directed the sheriff to "hold him in bail in the sum of $500, to be given by one or more sureties, before his release according to section 2440 of the Code of Civil Procedure." Language in a warrant of arrest should be clear. If for any reason the judgment debtor, when arrested, cannot practically be brought before one of the judges of the court within a few hours, it has been customary to release him upon bail. The security provided by section 2440, however, is security not to be given until after "his examination or other proof." If possible, he is to be brought directly before a judge, and examined, for the purpose of ascertaining whether the security provided for by section 2440 is to be required of him.

The affidavits upon which the warrant was granted are of very doubtful sufficiency; but, without passing upon them, the order appealed from is reversed, with $10 costs and disbursements, the warrant of arrest is vacated, and the judgment debtor discharged.